WILLIS LEE RASH, MARY G. RASH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rash v. Commissioner
Docket No. 173-76.
United States Tax Court
T.C. Memo 1978-377; 1978 Tax Ct. Memo LEXIS 135; 37 T.C.M. (CCH) 1555; T.C.M. (RIA) 78377; September 21, 1978, Filed Willis Lee Rash, pro se. Ronald P. Campbell, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income tax for the years 1971, 1972, and 1973, in the respective amounts of $ 561, $ 592, and $ 2,871. The sole issue for decision is whether the petitioners suffered a casualty (fire) loss in 1969 not compensated for by insurance or otherwise which is deductible under section 165(c)(3). [1]
*136 FINDINGS OF FACT Petitioners are married individuals whose residence was Richmond, Virginia, at the time the petition was filed herein. They filed joint income tax returns for the years 1971 and 1972 with the Richmond District Office of the Internal Revenue Service, and for the taxable year 1973 with the Memphis Service Center. Petitioner Mary G. Rash is a party solely because of the joint returns, and Willis Lee Rash will hereinafter be referred to as petitioner. In September 1969, petitioner's personal residence and personal property therein were at least partially destroyed by fire. Petitioner had a fire insurance policy totaling $ 65,586 at the time of the fire, but later in that year he accepted $ 52,500 from the fire insurance carrier as payment in full of that company's liability to him. Petitioner had no reportable taxable income for the years 1966 through 1970, and, consequently, claimed carryover casualty loss deductions under section 165(c)(3) for the years here in issue, which were disallowed by the respondent's determinations because, inter alia, petitioner had not shown that his cost or adjusted basis exceeded his reimbursement from the fire insurance carrier.
*137 OPINION Section 165 provides, in pertinent part, that there shall be allowed as a deduction a casualty (fire) loss not compensated for by insurance or otherwise. Section 1.165-7(b), Income Tax Regs., provides, in pertinent part, that the amount of such loss shall be the lesser of either-- (i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis prescribed in section 1.1011-1 for determining the loss from the sale or other disposition of the property involved. Unfortunately, petitioner has seemed unable to grasp the difference between the meanings of the terms "fair market value" and "basis," even though instructed by the Court at length during the trial of this case. Petitioner contends that the total value of his property destroyed by the fire was $ 112,279 (personalty $ 43,377 and realty $ 68,902). Petitioner testified that he "had approximately $ 50,000 in this house itself." He did not make clear whether that figure included the value of his land, which of course was not damaged by the fire, or *138 whether he was allowing any amounts for depreciation of the structure. Burden of proof was on petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure. We, of course, cannot and do not find that petitioner's basis in the residence was $ 50,000 as he contends but, even if we were able to do so, we observe that this would still leave $ 2,500 of his insurance settlement to be applied against the value (or his basis in) of the personal properties which he claims were destroyed. Millsap v. Commissioner,46 T.C. 751 (1966), affd. 387 F. 2d 420 (8th Cir. 1968). Petitioner's evidence of his basis in personal property, which he contends was destroyed by the fire, is practically nonexistent and, consequently, petitioner has failed to carry his burden of proof. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩